IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOSEPH ALBERT MAYBRICK,<br><br>  Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY<br>ADMINISTRATION, et al.,<br><br>  Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:13-cv-00508-TS-DBP<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Dustin B. Pead |

### I.    INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(B).  (Docket No. 8.)  On

July 10, 2013, Magistrate Judge Evelyn J. Furse granted pro se Plaintiff leave to proceed in

forma pauperis.  (Dkt. No. 3.)  On the same date, Plaintiff filed his complaint against the

following Defendants: (1) the Social Security Administration (SSA), (2) the Federal Government

of the United States, and (3) the Federal Reserve System.  (Dkt. No. 4.)  On August 6, 2013,

Plaintiff filed the present motion for service of process.  (Dkt. No. 5.)  For the reasons set forth

below, this Court **RECOMMENDS** the District Court **DENY** Plaintiff's motion.  This Court

further **RECOMMENDS** the District Court **DISMISS** Plaintiff's complaint under 28 U.S.C. §

1915(e)(2)(B)(ii).

## II.  SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's complaint alleges that the $800.00 per month he receives in social security disability insurance (SSDI) benefits does not allow him to "save for furniture, emergencies, or take a vacation . . . ." (Dkt. No. 4 ¶ B.1.)  As a result, Plaintiff brings numerous causes of action against Defendants.  Plaintiff alleges the SSA has failed to provide him with a sufficient income. (*Id.* ¶ C.1.a.)  Similarly, Plaintiff alleges the U.S. Federal Government has failed to supply him a sufficient income.  (*Id.* ¶ C.1.b.)  Plaintiff also alleges the Federal Reserve System has "[e]xacerbat[ed] government financial incompetence" because it cannot pay back the national debt.  (*Id.* ¶ C.1.c.)

To increase his insufficient income, Plaintiff seeks a permanent injunction under the Ninth Amendment to the U.S. Constitution that requires the SSA to provide "at least a poverty-level income to" him and to all other SSDI recipients.  (Dkt. No. 4 ¶ C.1.a.(2).)  Plaintiff also requests the Court consider "the minimum wage . . . in any adjustments made."  (*Id.* ¶ F.1.)

## III.  SCREENING FOR DISMISSAL UNDER 28 U.S.C. § 1915(e)(2)(B)(ii)

A court must dismiss a complaint filed by a plaintiff proceeding in forma pauperis if the complaint fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii). When deciding whether to dismiss such a complaint, a court accepts the allegations in the complaint as true, and "construe[s] those allegations, and any reasonable inferences that might be drawn from them" in the plaintiff's favor.  *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).  To survive dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A complaint fails to state a claim "if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

## A. Class Action Status

Plaintiff filed his complaint as a class action on behalf of "the entire subclass of SSDI recipients that presently receive less income than the national poverty level . . . ." (Dkt. No. 4 ¶ F.1.)  However, as a pro se party, Plaintiff cannot act as a class representative.  *See* Fed. R. Civ. P. 23(a)(4) (requiring a party representing a class to "fairly and adequately protect the interests of the class."); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (affirming district court's refusal to allow a pro se plaintiff to act as a class representative because "the competence of a layman is clearly too limited to allow him to risk the rights of others.") (quotation omitted).  Therefore, this Court **RECOMMENDS** the District Court **DENY** class certification to Plaintiff, and instead construe Plaintiff's complaint as an individual suit.

## B. Plaintiff's Allegations do not Entitle him to Legal Relief

Plaintiff's complaint centers on his belief that his SSDI benefits do not provide him with sufficient income to meet his financial needs.  (*See* Dkt. No. 4.)  However, SSDI benefits are "not based upon financial need." *Mathews v. Eldridge*, 424 U.S. 319, 340 (1976).  Rather, SSDI benefits are determined by the claimant's "average monthly earnings during the period prior to disability, his age, and other factors not directly related to financial need . . . ." *Id.* at 341 n.24 (citing 42 U.S.C. §§ 415, 423).  *See also Hopkins v. Cohen*, 390 U.S. 530, 531 (1968) ("The disabled claimant qualifies under . . . 42 U.S.C. [§] 423 . . .  and figures his primary benefits under . . . 42 U.S.C. [§] 415 . . . .").

Plaintiff does not challenge the statutes used to calculate his SSDI benefits.  Nor does he argue that the SSA erroneously calculated his SSDI benefits using the relevant statutes.  Without more, Plaintiff's generalized dissatisfaction with the amount of his SSDI benefits does not entitle

him to legal relief.[1]  Accordingly, this Court **RECOMMENDS** the District Court **DISMISS**

Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which

relief may be granted.

## IV.    PLAINTIFF'S MOTION FOR SERVICE OF PROCESS

Because this Court recommends dismissing Plaintiff's complaint, it also **RECOMMENDS**

the District Court **DENY** Plaintiff's motion for service of process.  (Dkt. No. 5.)

## V.    RECOMMENDATIONS

For the reasons discussed above, this Court **RECOMMENDS** the District Court:

**DISMISS** Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).  (Dkt. No. 4.)

**DENY** Plaintiff's motion for service of Process.  (Dkt. No. 5.)

Copies of the foregoing Report and Recommendation are being sent to all parties who are

hereby notified of their right to object.  Within **fourteen (14) days** of being served with a copy,

any party may serve and file written objections.  Failure to object may constitute a waiver of

objections upon subsequent review.

Dated this 6th day of November, 2013.          By the Court:

Dustin B. Pead
United States Magistrate Judge

---

[1] While the Court must construe pro se Plaintiff's pleadings "liberally," the Court cannot "assume the role of advocate for" Plaintiff.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For instance, the Court cannot "supply additional factual allegations to round out" Plaintiff's complaint or "construct a legal theory" on his "behalf."  *Whitney v. State of N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).