IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOSEPH ALBERT MAYBRICK,<br><br>        Plaintiff,<br><br><br><br><br><br>                    vs.<br><br><br>SOCIAL SECURITY ADMINISTRATION,<br>et al.,<br><br>            Defendants. | MEMORANDUM DECISION AND<br>ORDER OVERRULING<br>PLAINTIFF'S OBJECTION AND<br>ADOPTING REPORT AND<br>RECOMMENDATION<br><br><br><br><br>Case No. 2:13-CV-508 TS |

Before the Court is the Report and Recommendation issued by Magistrate Judge Pead on November 6, 2013, recommending that Plaintiff's Motion for Service of Process be denied and Plaintiff's Complaint be dismissed.[1]  On November 12, 2013, Plaintiff submitted an objection to the Magistrate Judge's Report and Recommendation.[2]  For the reasons discussed more fully

---

[1]Docket No. 9.

[2]Docket No. 10.

below, the Court will adopt the Magistrate's Report and Recommendation and dismiss Plaintiff's Complaint.

## I.  BACKGROUND

Plaintiff is proceeding pro se and in forma pauperis.  On July 10, 2013, Plaintiff filed his Complaint.  Plaintiff's Complaint brings three causes of action under 42 U.S.C. § 1983.  Plaintiff brings two claims for "[f]ailure to supply sufficient income" and one claim of "[e]xacerbating government financial incompetence."[3]  Plaintiff brings his claims against the Social Security Administration ("SSA"), the Federal Government of the United States, and the Federal Reserve System.  Construed liberally, Plaintiff's Complaint seeks relief on behalf of Social Security Disability ("SSDI") recipients as a class and on behalf of Plaintiff individually.

Plaintiff's first claim seeks an injunction against the SSA on behalf of all recipients of SSDI benefits.  Plaintiff seeks an injunction to have the SSA provide at least a poverty level income to all SSDI recipients.  Plaintiff's second claim is also based on the alleged inadequate income provided through SSDI benefits and is brought against the United States.  Plaintiff complains of the United States' failure to remedy the underpayment of SSDI benefits.  Plaintiff's third claim takes issue with the Federal Reserve System and its handling of the national debt. Plaintiff complains of the high national debt and "the government being in a position that, some experts say, they will never be able to pay back the money owed."[4]

---

[3]Docket No. 4, at 5–6.

[4]*Id.* at 6.

## II.  STANDARD OF REVIEW

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for . . . appellate review."[5]  A "district court [is] not obligated to re-do what the magistrate ha[s] done" where the complainant has "not provided it with any reason to do so."[6]  As to those portions of the Report and Recommendation to which a party has properly objected, the Court reviews the Report and Recommendation de novo.[7]

> In order to conduct a de novo review a court "should make an independent determination of the issues . . . ; [it] 'is not to give any special weight to the [prior] determination' . . . ."  "The district judge is free to follow [a magistrate's recommendation] or wholly to ignore it, or, if he is not satisfied, he may conduct the review in whole or in part anew."[8]

## III.  DISCUSSION

In his Objection, Plaintiff takes issue with the Magistrate Judge's recommendation that his class action and individual claims be dismissed.  Plaintiff recognizes "that a complaint must contain enough facts to support a claim for relief,"[9] but maintains that his original Complaint contains sufficient factual allegations to entitle him to relief.  Plaintiff also provides citations to

---

[5] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

[6] *Thompson v. Simmons*, 33 F. App'x 834, 837 (10th Cir. 2009) (unpublished).

[7] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

[8] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. First City Nat'l Bank*, 386 U.S. 361, 368 (1967); *Mathews v. Weber*, 423 U.S. 261, 271 (1976)).

[9] Docket No. 10, at 1.

the Declaration of Independence and the Utah and United States Constitutions as additional support for his claims.

At the outset, the Court notes that Plaintiff does not appear to make any specific objection to the factual findings or legal conclusions drawn by the Magistrate Judge in the Report and Recommendation. Defendant objects generally to the Magistrate Judge's conclusions, but does not object to the Magistrate Judge's characterization of the factual allegations of Plaintiff's Complaint or the applicable law. The Court is not obligated to review de novo the Report and Recommendation where Plaintiff has not provided grounds to do so. However, even were the Court to construe Defendant's objection liberally and conduct a de novo review, it would reach the same result.

Pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii), this Court has a duty to ensure that Plaintiff's Complaint "state[s] a claim on which relief may be granted." The Court applies "the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that [it] employ[s] for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim."[10] In that context, the Court "look[s] for plausibility in th[e] complaint" and reviews "the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."[11]

A pro se complaint is construed liberally.[12] "[T]his rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should

---

[10]*Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).

[11]*Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 n.2 (10th Cir. 2007).

[12]*Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, . . . or his unfamiliarity with pleading requirements."[13]  Notwithstanding this liberal review, it is not the "proper function of the district court to assume the role of advocate for the pro se litigant."[14]  As such, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[15]

Here, Plaintiff's inadequate-income claims seek relief on behalf of SSDI recipients as a class.  Plaintiff is proceeding pro se and therefore "cannot act as a class representative."[16]  Thus, to the extent he seeks class related relief, Plaintiff fails to state a claim for which relief may be granted.

Plaintiff's Complaint can also be construed liberally to bring claims on behalf of Plaintiff individually.  Plaintiff brings his claims pursuant to 42 U.S.C. § 1983.  "In order to state a cause of action under section 1983, a plaintiff must allege both the deprivation of a federal right and that the alleged action was taken under color of state law."[17]  Plaintiff rests his claim on rights found in the preamble to the United States Constitution, the Declaration of Independence, and certain provisions of the Utah Constitution.

---

[13]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[14]*Id.*

[15]*Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citation omitted).

[16]Docket No. 9, at 3 (citing Fed. R. Civ. P. 23(a)(4); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000)).

[17]*Buckley Constr., Inc. v. Shawnee Civic & Cultural Dev. Auth.*, 933 F.2d 853, 857 (10th Cir. 1991) (citing *Jacobs, Visconsi & Jacobs Co. v. City of Lawrence*, 927 F.2d 1111, 1115 (10th Cir. 1991)).

Other courts have held that the preamble to the United States Constitution does not create actionable rights under § 1983 independent of those specifically articulated in the Constitution.[18] The Court is persuaded by the reasoning of the courts that have adopted this approach.  Similarly, "the Declaration of Independence states that all men are endowed certain unalienable rights . . . [but] does not grant rights that may be pursued through the judicial system."[19]  Finally, Plaintiff's citations to the Utah Constitution are unavailing because state law rights are not enforceable under § 1983.[20]

Further, after reviewing Plaintiff's factual allegations the Court finds that Plaintiff has not otherwise pleaded a deprivation of a federal right.  In his Complaint, Plaintiff alleges that the income he receives is inadequate because it falls below the poverty level and below what a worker could take home earning minimum wage.  These allegations provide the basis for Plaintiff's assertion that the SSA "is shirking its duty to [Social Security Disability recipients] by confining and subjugating them to inadequate income."[21]  Plaintiff's Objection makes clear that he is not alleging that he has been deprived of "life, liberty, or property, without due process of

---

[18]*See Tinsley v. Methodist Hosp. of Ind., Inc.*, 70 F.3d 1275, 1995 WL 695960 at *2 (7th Cir. 1995) (unpublished table decision); *Hazelton v. City of Grand Praire, Tex.*, 8 F. Supp. 2d 570, 578 n.18 (N.D. Tex. 1998).

[19]*Coffey v. United States*, 939 F. Supp. 185, 191 (E.D.N.Y. 1996).

[20]*See Baker v. McCollan*, 443 U.S. 137, 146 (1979); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005) ("[A] claimed violation of a state constitutional right is not cognizable under § 1983.").

[21]Docket No. 10, at 4.

law."[22]  Plaintiff clarifies that he is not challenging "the statutes used to calculate his SSDI benefits or that SSA erroneously calculated his SSDI benefits."[23]  Indeed, Plaintiff states that the "SSA is proficient in this matter as concerns myself, the Plaintiff."[24]

In sum, while the Court is mindful of the financial hardship that Plaintiff may suffer as a result of the limited means provided through his SSDI benefits, it can only conclude that Plaintiff's claims—of the inadequacy of SSDI income and the alleged mismanagement of federal funds generally—do not provide him recourse under the law.  For this reason, the Court finds that the record fully supports the Report and Recommendation and will adopt the Report and Recommendation in its entirety and dismiss Plaintiff's Complaint.

## IV.  CONCLUSION

Based on the foregoing, it is hereby

ORDERED that the Magistrate Judge's Report and Recommendation (Docket No. 9) is ADOPTED IN FULL.  It is further

ORDERED that Plaintiff's Motion for Service of Process  (Docket No. 5) is DENIED. The Clerk of Court is instructed to close this case forthwith.

---

[22]U.S. Const. amend. XIV, § 1.

[23]Docket No. 10, at 3.

[24]*Id.*

DATED   December 13, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge